NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1628-13T1

MYRNA B. TAGAYUN and
ROBERT S. MANDELL,

    Plaintiffs-Appellants,

v.

AMERICHOICE OF NEW JERSEY, INC.,
a New Jersey corporation, d/b/a
United Healthcare Community Plan;
MICHELE NIELSEN, individually
and as an officer of AmeriChoice
of New Jersey, Inc., d/b/a United
Healthcare Community Plan; STRADLEY
RONON STEVENS & YOUNG, LLP, a
Pennsylvania Limited Liability
Partnership; FRANCIS X. MANNING,
ESQUIRE, an attorney at law, licensed
in the State of New Jersey,
individually and as an officer and/or
employee of Stradley Ronon Stevens &
Young, LLP; MARISSA PARKER, ESQUIRE,
an attorney at law, licensed in the
State of New Jersey, individually and
as an officer or employee of Stradley
Ronon Stevens & Young, LLP; L. JOHN
VASSALOTTI 3, JR., an attorney at law,
licensed in the State of New Jersey,
individually and as an officer and/or
employee of Stradley Ronon Stevens &
Young, LLP,

    Defendants-Respondents.

_____

**APPROVED FOR PUBLICATION**

**SEPTEMBER 20, 2016**

**APPELLATE DIVISION**

Submitted September 17, 2015 — Decided  June 28, 2016

Before Judges Lihotz, Fasciale and Higbee.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-5348-12.

Myrna B. Tagayun and Robert S. Mandell, appellants pro se.

Stradley Ronon Stevens & Young, LLP, attorneys for respondents (Francis X. Manning, on the brief).

The opinion of the court was delivered by

HIGBEE, J.A.D.

Plaintiffs, Dr. Myrna B. Tagayun, and Robert S. Mandell, her husband and office manager, appeal (1) a May 1, 2013 order awarding defendant, AmeriChoice, counsel fees as a sanction for pursuing a frivolous claim in their original complaint pursuant to Rule 1:4-8; (2) a May 9, 2013 order dismissing plaintiffs' amended complaint and declaring it was also a frivolous pleading pursuant to N.J.S.A. 2A:15-59.1; and (3) an October 22, 2013 order granting defendant's motion for additional fees and amending the May 1, 2016 money judgment against plaintiffs to include legal fees incurred in responding to the amended complaint. Plaintiffs state in their brief they are limiting their appeal only to whether sanctions and fees should have been awarded against them.

For the reasons that follow, we affirm in part and reverse in part and remand for amendment of the amount of the judgments against plaintiffs.

We first set forth the germane facts and procedural history. Plaintiffs filed a complaint against defendants, AmeriChoice of New Jersey Inc., Michele Nielsen, an officer of AmeriChoice, and various other associated entities they allege did business as AmeriChoice, as well as other fictitiously named defendants. The dispute concerned a contract entered into by Tagayun and AmeriChoice whereby Tagayun, a neurologist, became a participating provider for AmeriChoice HMO members.

AmeriChoice sent Tagayun notice she would be terminated as a provider. Plaintiffs filed their pro se complaint against defendants and requested an order to show cause for injunctive relief to prevent Tagayun's termination. Defendants' counsel sent a letter rescinding the notice to terminate, thus plaintiffs were temporarily successful in preventing the termination. Defendants and plaintiffs appeared before the court where Mandell argued that defendants would just terminate Tagayun again in a few months. Nonetheless, the judge found there was no longer a need for injunctive relief. Additionally, defendants had not filed an answer to the original complaint in a timely fashion and were ordered to file an answer. Although

3

they were ordered to do so, defendants never filed an answer to the original complaint. Nor did they file an answer to the amended complaint.

AmeriChoice did subsequently terminate the services of Tagayun by not renewing her contract and filed a motion to dismiss the original complaint and transfer the matter to arbitration.

Defendants notified Tagayun that her complaint was frivolous, pursuant to Rule 1:4-8(b)(1), because the contract required arbitration of all disputes between the parties. Defendants, at the same time, also notified Mandell his claim was frivolous as he was not a party to the contract and therefore, had no standing to enforce the contract.

When plaintiffs refused to dismiss their claims, defendants filed a motion to dismiss. Defendants were ultimately successful and then filed a motion for sanctions under Rule 1:4-8(b)(1).

After oral argument, the judge entered the January 11, 2013 order dismissing the original complaint without prejudice as to Tagayun and sending her claims to arbitration. The judge also dismissed Mandell's claims with prejudice for lack of standing. Plaintiffs filed an amended complaint on January 14, 2013, which was substantively the same as the original

complaint, except the law firm and individual attorneys for defendants were added as additional named defendants.

On January 15, 2013, plaintiffs appealed from the January 11, 2013 order dismissing their original complaint. The appeal proceeded despite the filing of the amended complaint. While that appeal was ongoing, the Law Division judge continued to consider and rule on motions filed by defendants related to the original complaint being frivolous and on similar motions related to the amended complaint. We issued an opinion on August 30, 2013, affirming the January 11, 2013 order sending Tagayun's claims to arbitration.[1] That final Appellate order may not be challenged in this subsequent appeal.

In the interim, defendants moved to have both complaints declared frivolous and sought an award of attorney fees as a sanction against plaintiffs. Oral argument was scheduled for February, but was adjourned at plaintiffs' request. Plaintiffs claim no hearing was ever held on the motions. However, because plaintiffs filed no opposition to the two motions requesting sanctions, no oral argument was required. In an order dated May 1, 2013, the judge concluded the original complaint was frivolous and entered an order granting a fee award of

---

[1]    Mandell's appeal was dismissed as interlocutory.

$10,073.20 in favor of defendants against plaintiffs jointly, severally, and in the alternative.[2]

On May 9, 2013, the judge dismissed the amended complaint, found it was frivolous, and ordered defendants to submit an application for fees related to the amended complaint. The judge made very limited findings simply writing on the May 1 and May 9 orders that each was granted for the reasons set forth in defendants' papers.

Plaintiffs filed an appeal from the May 1 and May 9, 2013 orders. We granted defendants' motion to remand for entry of a final judgment with the addition of the fees assessed relating to the amended complaint and dismissed the appeal by plaintiffs as interlocutory.

Judge Stephen Taylor, who did not enter the prior orders, was assigned to the case and heard oral argument solely on the issue of the amount of fees to be awarded related to the amended complaint. Defendants requested fees in the amount of $6,539.40 and $60 in disbursements, totaling $6,599.40. Judge Taylor carefully reviewed each invoice on the record and required

---

[2] For the benefit of pro se plaintiffs we note that "jointly, severally in the alternative" means that the judgment can be collected from either Tagayun or Mandell or part of the judgment can be collected from one of them and part from the other, however the total amount collected from both cannot exceed the amount awarded. Defendants cannot collect the amount of the judgment twice.

defense counsel to explain the amounts billed.[3] The judge ascertained the billing rate and hours for each attorney involved. The judge was advised none of the billing involved time devoted to defending the law firm, but only the amounts billed to the client relating to the amended complaint. The judge found both the attorneys' rates and the number of hours were reasonable. Tagayun argued plaintiffs' actions were not frivolous, but she did not address the amount of the fees. Judge Taylor awarded the amount of fees requested. Although Mandell was not given an opportunity to speak at the hearing, he has presented no argument on appeal that suggests the amount of the legal fees imposed at the end of the hearing was improper.

We review a trial court's imposition of frivolous litigation fees for an abuse of discretion. Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005). Reversal is warranted when "the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment." Ibid.

---

[3] Plaintiffs in their brief state they requested the transcript for the hearing but had not received it. Defendants in their brief argued we should dismiss the appeal of the October 22, 2013 order because no transcript was supplied. On November 12, 2014 the transcript was provided to the Clerk of the Appellate Division and we review the appeal from that order on its merits.

To begin our analysis of the applicable law regarding frivolous litigation, we turn to relevant provisions of <u>Rule</u> 1:4-8(a):

> By signing, filing or advocating a pleading, . . . an attorney or pro se party certifies that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) the paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]

An award of fees against a party, as opposed to a lawyer or a self-represented litigant, engaging in frivolous litigation is governed by <u>N.J.S.A.</u> 2A:15-59.1(a)(1), which requires a judge to determine whether a pleading filed by a non-prevailing party was frivolous. In order to award fees under the statute, the court must find that a claim or defense was either pursued "in bad faith, solely for the purpose of harassment, delay or malicious injury" or that the non-prevailing party knew or should have known it "was without any reasonable basis in law or equity and could not be supported by a good faith argument for an

extension, modification or reversal of existing law." N.J.S.A. 2A:15-59.1(b)(1), (2).

There was no evidence presented that plaintiffs filed their original complaint simply to harass defendants. Defendants urged the court to find the original complaint was frivolous because Mandell lacked standing and Tagayun signed a contract that contained a provision that all disputes would go to arbitration. The judge found these were sufficient reasons to dismiss the original complaint. The dismissal based on the arbitration clause was affirmed on appeal.

Plaintiffs argued before the trial court and on appeal that Tagayun had not waived her right to a jury trial because this explicit language or similar language was not in the contract's arbitration clause.

When plaintiffs filed their complaint there were some appellate decisions enforcing arbitration provisions that did not have explicit language waiving rights to access to the courts or juries decided prior to the decision in this case. See Griffin v. Burlington Volkswagen, Inc., 411 N.J. Super. 515, 518 (App. Div. 2010); EPIX Holdings Corp. v. Marsh & McLennan Cos., 410 N.J. Super. 453, 476, overruled in part on other grounds by Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 192-93 (2013).

However, the Supreme Court, in <u>Atalese v. U.S. Legal Services Group, L.P.</u>, 219 <u>N.J.</u> 430 (2014), <u>cert. denied</u>, __ <u>U.S.</u> __, 135 <u>S. Ct.</u> 2804, 192 <u>L. Ed.</u> 2d 847 (2015), while stressing that arbitration was favored by the law, explained that even under prior existing law relating to arbitration provisions in contracts, a knowing waiver of constitutional rights to a jury trial must be explicit in order to enforce the arbitration clause.

Therefore, we cannot support the trial court's conclusion that Tagayun's contention that she had not waived her right to litigate her contract claims in court was frivolous even though her claim was unsuccessful. Although Tagayun is bound by the decision of the Appellate Division affirming the dismissal of her action, the fact she lost that battle does not mean her contentions were frivolous. In light of the holding in <u>Atalese</u>, her position cannot be described as frivolous under the controlling legal standards set forth above, which apply both to the rule and statute governing frivolous litigation.

As to Mandell, it is clear he was not a party to the contract. The trial court properly dismissed his claims for lack of standing. He was advised by letter from defendant's counsel that he was not a party to the contract and lacked standing. His refusal to accept this fact and to agree to be

dismissed as a party to the action, however, was not frivolous under the controlling legal standards we set forth below which apply to both the rule and the statute governing frivolous litigation. The primary difference being that the rule governs awards against attorneys and self-represented litigants while the statute governs sanctions against parties.

The rule and statute must both be interpreted strictly against the applicant for an award of fees. See LoBiondo v. Schwartz, 199 N.J. 62, 99 (2009); DeBrango v. Summit Bancorp, 328 N.J. Super. 219, 226 (App. Div. 2000). This strict interpretation is grounded in "the principle that citizens should have ready access to . . . the judiciary." Belfer v. Merling, 322 N.J. Super. 124, 144 (App. Div.), certif. denied, 162 N.J. 196 (1999). "The statute should not be allowed to be a counterbalance to the general rule that each litigant bears his or her own litigation costs, even when there is litigation of 'marginal merit.'" Ibid. (citation omitted). Sanctions should be awarded only in exceptional cases. See Iannone v. McHale, 245 N.J. Super. 17, 28 (App. Div. 1990). "When the plaintiff's conduct bespeaks an honest attempt to press a perceived, though ill-founded and perhaps misguided, claim, he or she should not be found to have acted in bad faith." Belfer, supra, 322 N.J. Super. at 144-45. The party seeking sanctions bears the burden

to prove bad faith. <u>Ferolito v Park Hill Ass'n</u>, 408 <u>N.J. Super.</u> 401, 408 (App. Div.), <u>certif. denied</u>, 200 <u>N.J.</u> 502 (2009). Moreover, the grant of a dispositive motion, without more, does not suffice to establish a losing party's bad faith. <u>Ibid.</u>

Sanctions for frivolous litigation are not imposed because a party is wrong about the law and loses their case. The nature of conduct warranting sanction under <u>Rule</u> 1:4-8 and under the statute has been strictly construed. The term frivolous should not be employed broadly or it could limit access to the court system. <u>First Atl. Fed. Credit Union v. Perez</u>, 391 <u>N.J. Super.</u> 419, 432-33 (App. Div. 2007). Imposing sanctions is not appropriate where a party "has a reasonable good faith belief in the merit of his action." <u>J.W. v. L.R.</u>, 325 <u>N.J. Super.</u> 543, 548 (App. Div. 1999). In discussing the frivolous litigation statute, the Supreme Court, in <u>McKeown-Brand v. Trump Castle Hotel & Casino</u>, 132 <u>N.J.</u> 546, 561-62 (1993), explained the legislative history as follows:

> The predecessor bill, A. 1086, allowed the prevailing party to recover fees from the non-prevailing party if that party's pleading was "not substantially justified." In the course of the legislative process, the term "frivolous" replaced "not substantially justified." <u>Senate Judiciary Committee Statement to Assembly Committee Substitute for A. 1086, 2029, 783, and 1260</u> (Oct. 2, 1986). Indeed, the Governor's conditional veto message noted the "bill's restrictive definition of 'frivolous.'" The

replacement of "not substantially justified" with "frivolous" reflects the legislative intent to limit the application of the statute. That limitation is consistent with the premise that in a democratic society, citizens should have ready access to all branches of government, including the judiciary. See Iannone, supra, 245 N.J. Super. at 27 (stating that limitation on award of counsel fees "promotes the goal of equal access to the court irrespective of economic status"). In brief, the Legislature resolved the tension between the competing goals of equal access to the courts and the avoidance of the costs of unnecessary litigation by favoring access over cost-avoidance.

Since we conclude the trial judge's finding that the original complaint was frivolous is unsupported, we reverse and vacate the order of May 1, 2013. As to Mandell, we are also constrained to reverse the order of the trial judge that awarded sanctions against him in connection with the original complaint. He presented an argument to the court that he had standing as a third-party beneficiary of the contract. The judge properly declined to accept that argument, but an award of sanctions was not warranted simply because Mandell misconstrued the law.

However, we find the trial judge did not abuse her discretion in finding the filing of an amended complaint by both plaintiffs asserting the same claims that had just been dismissed by the court and adding defendants' counsel as parties was frivolous. Tagayun had been advised by the court their

13                                                          A-1628-13T1

claims had to be arbitrated. Plaintiffs had a right to appeal those decisions and in fact they availed themselves of that right the day after they filed their amended complaint. They had no right to force the defendants to defend an amended complaint asserting the same claims that had just been dismissed. At that point, Mandell had been told by the judge he had no standing to assert any claims under the contract and he was not a beneficiary of the contract. We therefore affirm the May 9, 2013 order finding the amended complaint was frivolous and imposing sanctions.

We conclude Judge Taylor properly limited his role to determining the amount of fees that should be awarded. Plaintiffs' first appeal of the sanctions was dismissed as interlocutory and remanded for determining the total amount of the attorney fees. Plaintiffs' argument that Judge Taylor should have reconsidered the prior decision of the first judge lacks sufficient merit to address in a written opinion. R. 2:11-3(e)(1)(E).

As to the amount of fees awarded by Judge Taylor, we affirm for the reasons he expressed in his comprehensive oral decision from the bench on October 22, 2013.

The judgment of $10,073.20 for frivolous filing of the original complaint is vacated as to both plaintiffs. We affirm

14

the May 9, 2013 order ordering sanctions for frivolous filing of the amended complaint and affirm the October 30, 2013 order imposing sanctions in the amount of $6,599.40. We remand to the trial judge to reduce and amend the final judgment to $6,599.40 against both plaintiffs jointly, severally, and in the alternative.

Affirmed in part, reversed in part, and remanded for amendment of the amount of the judgment. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION