**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1660-18T4

501 JERSEY AVE LLC,

        Plaintiff-Appellant/
        Cross-Respondent,

v.

XXXIII ASSOCIATES/RIVERSIDE
CENTER, LLC,

        Defendant-Respondent/
        Cross-Appellant.

_____

        Argued October 10, 2019 – Decided October 31, 2019

        Before Judges Fuentes, Haas and Mayer.

        On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. C-000148-18.

        Brett A. Berman argued the cause for appellant/cross-respondent (Fox Rothschild LLP, attorneys; Brett A. Berman, of counsel and on the briefs; Steven J. Link, on the briefs).

        Jerome M. Selvers argued the cause for respondent/cross-appellant (Sonnenblick Parker &

Selvers, PC, attorneys; Jerome M. Selvers and Chad Neal Cagan, on the briefs).

PER CURIAM

Plaintiff 501 Jersey Ave LLC appeals from a November 9, 2018 order dismissing its complaint pursuant to Rule 4:6-2(e) for failure to state a claim upon which relief may be granted. Defendant XXXIII Associates/Riverside Center LLC cross-appeals from that order's denial of attorney's fees and costs. We affirm.

The relevant facts are straightforward. Defendant owns property in Millstone, known as "Riverside Center." The property consists of seventeen separate lots with retail, office, and warehouse spaces. On October 19, 2017, plaintiff made an initial offer to purchase a portion of defendant's property for $2,500,000. The offer to purchase was memorialized in a written term sheet, which provided the sale of the property could not be finalized without a "fully . . . executed . . . and . . . mutually exchanged written contract."

Thereafter, the parties exchanged communications related to the purchase of the property, including a letter of intent (LOI) dated December 26, 2017. Plaintiff asserted it did not intend to be bound by an executed contract because the LOI superseded the initial term sheet and provided the parties would "mutually agree upon [a] contract" without reference to a written agreement.

However, the LOI acknowledged the document was "not a binding agreement, but only an outline of terms for discussion and inclusion in a mutually agreed upon contract." The LOI also provided the terms were "modifications and additions to be included in a proposed contract for the sale of the property."

After agreeing to the LOI, the parties began negotiating a Purchase and Sale Agreement ("Agreement"). Counsel for the parties prepared and exchanged several versions of the Agreement.

On May 18, 2018, plaintiff claimed the only outstanding term was defendant's payment of the broker's commission. Defendant sent the Agreement to plaintiff's counsel containing the terms and conditions agreed to by the parties. According to plaintiff, defendant "demanded" plaintiff sign and return the final contract. On June 7, 2018, plaintiff signed the Agreement and returned the document to defendant for signature. Defendant did not sign the Agreement.

On June 22, 2018, plaintiff learned defendant would not be selling the property. Once the sale of the property fell through, defendant claimed plaintiff threatened to file suit compelling the sale and embroiling the parties in litigation for years. Defendant advised that any such litigation would be frivolous and vigorously contested.

A-1660-18T4

Notwithstanding defendant's admonition, plaintiff filed a verified complaint[1] and order to show cause to compel sale of the property and enjoin defendant from marketing or selling it to a third party. Defendant urged plaintiff to dismiss the action to avoid imposition of attorney's fees and costs pursuant to Rule 1:4-8 and N.J.S.A. 2A:15-59.1. Plaintiff declined to withdraw the amended complaint. In lieu of filing an answer to the amended complaint, defendant moved to dismiss the action and sought attorney's fees and costs.

The presiding general equity judge, Katie A. Gummer, J.S.C., issued a comprehensive oral decision granting defendant's motion to dismiss for failure to state a claim pursuant to Rule 4:6-2(e) and denying its request for attorney's fees and costs incurred in defending the action. The judge thoroughly reviewed each of the allegations set forth in plaintiff's amended complaint and provided a detailed explanation in support of her dismissal of plaintiff's pleading in its entirety.

On appeal, plaintiff claims the judge erred in finding the parties intended to be bound by a duly executed contract and no enforceable contract was reached. Plaintiff also asserts its promissory estoppel claim was improperly

---

[1] Plaintiff filed an amended verified complaint in response to defendant's motion to dismiss the original verified complaint.

A-1660-18T4

dismissed because the judge mistakenly concluded the claim was premised on the existence of an enforceable contract.

On the cross-appeal, defendant contends the judge erred in denying its request for attorney's fees and costs under Rule 1:4-8 and N.J.S.A. 2A:15-59.1.

Having reviewed the record, we affirm for the reasons set forth in Judge Gummer's comprehensive decision placed on the record on November 9, 2018. We add only the following comments.

Plaintiff argued the LOI superseded the initial term sheet and an enforceable agreement was formed once the parties "mutually agreed upon [a] contract." Plaintiff contended a signed contract was not required. "'Interpretation and construction of a contract is a matter of law for the court subject to de novo review.'" Spring Creek Holding Co. v. Shinnihon U.S.A. Co., 399 N.J. Super. 158, 190 (App. Div. 2008) (quoting Fastenberg v. Prudential Ins. Co. of Am., 309 N.J. Super. 415, 420 (App. Div. 1998)).

Having reviewed the LOI, nothing in that document stated the LOI superseded the initial term sheet, which required a mutually executed written contract for the sale of the property. The LOI contained several provisions affirming the parties' agreement to execute a written contract. In addition, the draft Agreements contained signature lines for plaintiff and defendant, reflecting

the parties' understanding that there would be a written agreement for the sale of the property.

We are satisfied that the judge appropriately considered the initial term sheet and LOI in determining there was no enforceable contract between the parties absent a signed document. Because there was never a mutually executed writing for the sale of the property, the judge properly dismissed plaintiff's pleading.

We briefly address plaintiff's claim that the judge considered documents outside the pleading and therefore improperly converted defendant's motion to dismiss into a motion for summary judgment. In accordance with Rule 4:6-2(e), if material outside the pleading is presented on a motion to dismiss, the motion is converted into one for summary judgment. Lederman v. Prudential Life Ins. Co. of America, Inc., 385 N.J. Super. 324, 337 (App. Div. 2006). However, a motion to dismiss on the pleadings is not converted into a summary judgment motion when a party attaches an outside document referenced in the original pleading. Myska v. N.J. Mfrs. Ins. Co., 440 N.J. Super. 458, 482 (App. Div. 2015). As explained by our Supreme Court, "[i]n evaluating motions to dismiss, courts consider 'allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.'" Banco

Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005) (quoting Lum v. Bank of Am., 361 F.3d. 217, 221 n.3 (3d Cir. 2004)).

Here, paragraphs six, eight, and nine of plaintiff's first amended verified complaint acknowledged the parties' initial term sheet and conceded the document "contemplated that a sale of the [p]roperty could not be finalized absent a 'fully executed . . . and . . . mutually exchanged' written contract." Because the initial term sheet was referenced in plaintiff's amended complaint, it was proper for the judge to consider the document in connection with defendant's motion to dismiss.

On the cross-appeal, defendant argues the judge erred in denying its motion for attorney's fees and costs.

We review a trial court's grant or denial of sanctions for abuse of discretion. J.O. v. Twp. of Bedminster, 433 N.J. Super. 199, 221 (App. Div. 2013). An award of attorney's fees under Rule 1:4-8 is inappropriate when there is "an objectively reasonable belief in the merits of an argument" or where a "plaintiff is engaged in a legitimate effort to extend the law on a previously undecided issue." Ibid. "The rule [Rule 1:4-8] and statute [N.J.S.A. 2A:15-59.1] must both be interpreted strictly against the applicant for an award of fees."

Tagayun v. AmeriChoice of New Jersey, Inc., 446 N.J. Super. 570, 579 (App. Div. 2016) (citing LoBiondo v. Schwartz, 199 N.J. 62, 99 (2009)).

Having considered the record, we discern no abuse of discretion in the denial of defendant's request for attorney's fees and costs. The judge determined defendant's claim that plaintiff's complaint was frivolous and filed in bad faith was "insufficiently supported." Other than the self-serving certification of defendant's general partner, there is no evidence that the complaint lacked a reasonable basis in law or equity or was filed in bad faith.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1660-18T4