# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0529-19T3

M.A.P.,

    Plaintiff-Appellant,

v.

N.G.R.,

    Defendant-Respondent.

_____

Submitted November 12, 2020 – Decided January 7, 2021

Before Judges Ostrer and Accurso.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FV-12-1649-17.

Gomperts Penza McDermott & Von Ellen, LLC, attorneys for appellant (Marisa Lepore Hovanec, of counsel and on the brief).

Respondent has not filed a brief.

PER CURIAM

In this family case, plaintiff appeals from the trial court's order that she pay defendant's counsel fees. The court found that plaintiff engaged in motion practice in bad faith. Because the record does not support the court's finding, and the court applied the wrong legal standard, we reverse.

I.

Plaintiff's motion practice arose out of a longstanding domestic violence case. Plaintiff obtained a final restraining order (FRO) by default against defendant in April 2017. The FRO awarded plaintiff temporary custody of the parties' then six-month-old daughter; barred parenting time; and ordered that defendant pay $250 in weekly child support. Almost a year later, the court modified the custody arrangement after finding that defendant had "satisfactorily completed the alcohol/drug evaluation/treatment anger mgmt. [sic] & psychiatric evaluation set forth in the FRO." The amended order granted the parties joint legal custody; designated plaintiff the parent of primary residence, and defendant, parent of alternate residence. The order included a parenting time schedule that granted defendant gradually increasing time with his daughter, with parenting time exchanges at a police department. The parties were permitted to communicate by text message regarding the child. The court reserved decision on plaintiff's application to modify child support, ordering that

A-0529-19T3

it be relisted for a hearing after defendant provided certain financial information. The court also reserved on the parties' counsel fee requests.

In May 2018, the court amended the FRO again, to modify child support. The court increased defendant's obligation to $305 weekly, retroactive to October 4, 2017. The new order did not include a regular arrears payment, nor did it oblige defendant to pay a lump sum for the arrears created by the modification. Counsel fees were not addressed.

Two months later, in July 2018, prompted in part by defendant's alleged violation of the FRO, plaintiff filed a motion asking the court to suspend overnight visitation pending defendant's completion of anger management and the recommendation of a court-appointed evaluator. She asked the court to require defendant to submit to an alcohol abuse evaluation and also requested that the court require defendant to pay arrears in a lump sum; and award her fees. She filed the motion after the court denied without prejudice an order to show cause, deeming her requests for relief non-emergent.

In her supporting certification, plaintiff stated that police arrested defendant for harassing plaintiff after using coarse and profane language in the

A-0529-19T3

police's presence, during a child transfer.[1]  She also said that defendant stayed overnight at unsuitable places with the child, and took the child to a home where people abused drugs and alcohol.  She also contended that the child was returned from parenting time with unexplained bruises and unchanged diapers, and the child once complained that her private area hurt and someone touched her there.  Plaintiff's counsel also noted that defendant filed a domestic violence complaint against her, but he was denied a temporary restraining order.

Defendant cross-moved for various forms of relief, to expand his role in his daughter's life; to increase his access to information about the child and to participate in decision-making; to conduct child transfers at the child's childcare, daycare, or school without the other party present, instead of at the police department; and to require the parties to use Family Wizard for communications about the child.  Defense counsel argued that defendant's most recent arrest for violating the restraining order should not be considered because the charge was not yet resolved.  Counsel also denied that his client mistreated his daughter, or that he exposed her to substance abuse.  Referring to an off-the-record discussion in chambers, defense counsel asserted that plaintiff also made a

---

[1]  Plaintiff provided only an excerpt from her supporting certification. We rely on that, and her counsel's oral argument in October 2018 for an understanding of her requests for relief.

A-0529-19T3

baseless referral to the Division of Child Protection and Permanency. Regarding child support, counsel conceded that the child support payments were interrupted. While self-employed, defendant paid child support through Probation, but when he obtained a job with another employer, Probation was slow to implement garnishment of the $305 amount. Counsel contended that Probation ultimately ordered payment of $30 a week toward arrears, although the record does not include that order.

Defendant also requested counsel fees, contending that plaintiff filed her motion in bad faith, without the requisite change in circumstances to justify modifying parenting time. Counsel characterized it as a substitute for an appeal of the parenting time order entered earlier that year. In support of his request, defense counsel noted that the trial court — by a different judge — had denied emergent relief.

Plaintiff's counsel responded that plaintiff had presented new circumstances to justify modifying parenting time. Regarding defendant's request for medical and school information, counsel stated that plaintiff regularly provided it, and that defendant was entitled to communicate with medical providers and educators. Plaintiff did not oppose utilizing Family Wizard.

A-0529-19T3

In the trial court's oral decision after argument in October 2018, the court noted that the parties disputed various factual matters, presenting "a bunch of he said, she said because it's unsubstantiated and uncorroborated information." The court evidently did not deem the factual disputes material to resolve or to justify a plenary hearing. Regarding the alleged bruises, the court observed that children sometimes fall, and bruises also manifest themselves days after an incident. The court did not address plaintiff's allegations regarding defendant's violation of the FRO at the police station.

The judge required that pick-up and drop-off continue at the police department, and did not alter the parenting times. Noting plaintiff's consent, the court ordered that defendant receive contact information for medical providers and educators; and that he be permitted to attend the child's extra-curricular events so long as he sits as far away from plaintiff as possible.

Regarding child support, the court made no findings regarding defendant's arrearages. Defendant agreed on the record to pay unspecified lump sums to reduce his arrearages. The court's order provided only that he "endeavor to satisfy the child support arrearages in a timely fashion."

Noting the high level of discord between the parties, the court ordered that each undergo evaluations within ninety days, by providers of their choice from

A-0529-19T3

a list the court provided, to determine if they needed substance abuse treatment or anger management therapy. The court stated it would revisit the issues upon receiving the evaluations.

The court also reserved decision on counsel fees. The judge stated on the record, apparently referring only to defendant's request for fees:

> I'm going to hold off on that. I'm going to reserve, only because I want to see what the evaluations tell me. Because the evaluations might tell me something that raises an eyebrow, that rings a bell, and I'm going to say wait a minute, wait a minute, [M.A.P.] had a reason why she needed all this stuff. And she had a reason why she came back here today.

The parties returned to court in February 2019. Both parties had undergone the required evaluations.[2] Defense counsel contended the only issue that remained was counsel fees, and the motion judge agreed. Defense argued that plaintiff's prior motion was frivolous, and plaintiff secured no relief in her favor. He contended that his client had fully complied with his child support obligation; that Probation was to blame; and, based on his additional payments, he had reduced his arrears by half.

Plaintiff appeared at the hearing pro se. She stated she could no longer afford her legal bills after spending over $30,000. She explained that she filed

---

[2] They are not in the record before us.

her motion because defendant had violated the FRO by directing coarse and profane language at her at the police station. She asserted that the court denied her order to show cause as non-emergent because her counsel delayed several weeks in filing the application after the precipitating incident at the police station. She asserted defendant was found guilty of violating the FRO.

Defense counsel responded that defendant pleaded guilty only to disorderly conduct in municipal court. After the hearing, plaintiff submitted to the court a letter she received from the Middlesex County Prosecutor's Office, regarding "State v. [N.G.R.] Violation of Restraining Order." The letter stated that defendant appeared before Superior Court Judge Deborah J. Venezia on October 19, 2018 and was found guilty, required to pay a monetary penalty of $225, received 2 days of jail time with credit for time served, and required to obey the FRO if still active. However, the letter did not state what crime or offense defendant was found guilty of.

During oral argument, the court counseled the parties to attempt to cooperate; and, directing her comments to plaintiff, to resist the impulse to complain about "petty" violations of parenting time arrangements.

Before issuing her decision on fees, the judge encouraged defense counsel and defendant to discuss reducing or waiving defendant's demand for fees.

Counsel for defendant stated the billings would need to be updated; but as of that date, defendant owed "about $12,000," and he would accept $5,900 to resolve his counsel fee request. Plaintiff responded that she was not aware the purpose of the hearing was to decide counsel fees, and she renewed her request for fees, noting that she owed her attorney $5,000 and defendant owed her $1,000 in child support arrears. The motion judge abruptly stopped the hearing and ordered updated certifications filed with the court, without setting forth any decision on the record.

Defendant's counsel thereafter certified that his client incurred $15,225.75 in legal fees, and counsel requested that plaintiff pay the amount in full. Plaintiff submitted to the court documents indicating she owed at least $8,000 to the two firms she used before representing herself.[3]

Six months later, without additional argument, the court entered an order granting defendant's request for fees. The court did not provide a separate statement of reasons. However, citing Williams v. Williams, 59 N.J. 229, 233 (1971), the order stated, "when deciding whether to award counsel fees, the trial judge must consider the requesting party's need, the requesting party's financial

---

[3] The amount may have exceeded $9,000, if one considers a July 2018 certification of her first counsel, but the record before us does not clearly indicate that plaintiff submitted that certification to the court.

ability to pay, and the requesting party's good faith in instituting or defending the action." Citing Kelly v. Kelly, 262 N.J. Super. 303, 307 (Ch. Div. 1992), the court explained that "bad faith, in the context of counsel fee awards, has been construed to signify that a party acted with a malicious motive, so as to be unfair, and to use the court system improperly to force a concession not otherwise available." The court found that "[p]laintiff has acted in bad faith, as her motion re-litigated issues that were already decided upon — child support modification — and did not provide evidence of a substantial change of circumstances."

Noting that defense counsel has asked for payment of $15,225.75, the court ordered plaintiff was required to pay $5,938.04, which the court deemed "reasonable and fair in this case." If plaintiff failed to pay the amount by October 20, 2019, she was required to appear in court on October 25, 2019 "to advise this [c]ourt why she should not be held in contempt." The court denied plaintiff's motion for fees without explanation.

Plaintiff thereafter filed this appeal, challenging the court's fee decision.[4]

---

[4] After the deadline for filing his brief and appendix passed, defendant filed a letter stating he would not be filing a brief or appendix. He nonetheless included argument in support of affirmance and presented new facts not presented to the trial court. We decline to consider these arguments. The brief was untimely

According to Rule 4:42-9(a), fees may be awarded in a family action pursuant to Rule 5:3-5(c).  A family action includes disputes between unmarried persons over child support and parenting time.  See Fall & Romanowski, N.J. Family Law, Child Custody, Protection & Support, § 40:3-3(b) (2020); R. 5:3-5(c) (authorizing fee allowance in an action involving claims of support, custody and parenting time).

Rule 5:3-5(c) includes a mandatory, but not exhaustive, list of factors that a trial court must consider before deciding to award fees and setting the amount.  See Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011) (stating that the court shall consider the factors "[t]o determine whether and to what extent such an award is appropriate"); R. 5:3-5(c) (stating the court "should consider" enumerated factors); N.J. Family Law, Child Custody, Protection  & Support, § 40:3-2 (describing factors as "mandatory criteria").  A court shall consider

> (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5)

---

and did not conform with the Court Rules.  See R. 2:6-2(b) (regarding letter briefs).  And we shall not consider facts "that were not provided to the trial court."  Matison v. Lisnyansky, 443 N.J. Super. 549, 551 n. 1 (App. Div. 2016).

any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.

[R. 5:3-5(c).]

Although we shall "disturb a trial court's determination on counsel fees only on the 'rarest occasion,' and then only because of [a] clear abuse of discretion," Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)), this appeal presents one of those rare occasions. A court abuses its discretion when it does not provide a rational explanation for its decision; when it relies on inappropriate factors or fails to consider relevant factors; or the court makes a clear error in judgment. Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quotations and citations omitted). In particular, an appellate court is not obliged to defer to a fee award when the trial court, as here, has not considered the mandatory factors under Rule 5:3-5(c), see Clarke v. Clarke ex rel. Costine, 359 N.J. Super. 562, 572 (App. Div. 2003) (vacating counsel fee award where trial court did not address Rule 5:3-5(c) factors), and instead, has misstated the legal standard for awarding fees.

Turning to the Rule 5:3-5(c) factors, the court failed to consider the parties' financial circumstances, their respective ability to pay their own fees, and the amount of fees already incurred and paid. See R. 5:3-5(c)(1), (2), (4), (6); see also Barr, 418 N.J. Super. at 47 (reversing a trial court's grant of counsel fees, in part because the court "failed to analyze the parties' relative incomes or plaintiff's ability to pay her own counsel fees"). The record reflects plaintiff has legal bills of at least $8,000. She stated she had already expended over $30,000 in fees. According to the child support order, defendant's income is almost seventy-five percent more than plaintiff's. At the second motion hearing, plaintiff informed the court, while under oath, she was proceeding pro se as she could no longer afford her own legal bills. Notably, the court misstated that Williams v. Williams, 59 N.J. 229, 233 (1971) requires a court to consider only "the requesting party's need, the requesting party's financial ability to pay, and the requesting party's good faith in instituting or defending the action."

The court also erred in finding plaintiff had instituted the litigation in bad faith. "[B]ad faith for counsel fee purposes relates only to the conduct of the litigation." Mani v. Mani, 183 N.J. 70, 95 (2005). "An award of attorney's fees to the adverse party is appropriate if the court finds the proceedings to have been frivolous and instituted for the purpose of harassment as well as abuse of the

judicial system." Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt 4.3.3 on <u>R.</u> 5:3-5 (2021). By referring to the "reasonableness" and the "good faith" of the positions a party has advanced, the rule indicates two discrete, but related concepts. <u>See</u> Louis & Seiden, <u>N.J. Family Law, Divorce, Alimony & Property Division</u> § 19:7-2(b) (2021). Advancing a losing argument, even if "ill-founded and perhaps misguided," does not, by itself, prove bad faith. <u>Slutsky v. Slutsky</u>, 451 N.J. Super. 332, 367 (App. Div. 2017) (quoting <u>Tagayun v. AmeriChoice of N.J., Inc.</u>, 446 N.J. Super. 570, 580 (App. Div. 2016)). "Examples of bad faith include misusing or abusing process . . . intentionally misrepresenting facts or law, or otherwise engaging in vexatious acts for oppressive reasons." <u>Ibid.</u> (citing <u>Borzillo v. Borzillo</u>, 259 N.J. Super. 286, 293-94 (Ch. Div. 1992)).[5]

In finding that plaintiff acted in bad faith, the court applied the wrong standard, and mischaracterized plaintiff's motion. The trial court found that plaintiff acted in bad faith because her "motion re-litigated issues that were already decided upon — child support modification — and did not provide

---

[5] Although the <u>Slutsky</u> court also equated "bad faith" with "seeking relief not supported by fact or law," 451 N.J. Super. at 367, we assume, by its citation to <u>Borzillo</u>, that it meant to say, "[t]o seek relief which one knows or should know that no reasonable argument could be advanced in fact or law in support thereof." <u>Borzillo</u>, 259 N.J. Super. at 293. As the <u>Slutsky</u> court observed, honestly presenting an "ill-founded" argument is not bad faith.

A-0529-19T3

evidence of a substantial change of circumstances." Even if this were true, that falls short of a finding that plaintiff misused or abused process, intentionally misrepresented facts, or engaged in vexatious acts with the purpose to oppress.

However, the court grossly mischaracterized plaintiff's motion. Plaintiff did not seek to relitigate issues by seeking a modification of child support. Rather, plaintiff sought enforcement of the previous order by a lump sum payment of arrears. The May 2018 child support order increased plaintiff's award by $55 a week retroactive several months, but did not address how arrears would be paid. Plaintiff was not required to demonstrate a change in circumstances to secure an order pertaining to an issue the court had not previously addressed. Furthermore, defense counsel conceded in argument in October 2018 that there was a subsequent gap in payments which evidently increased defendant's arrears even more. Although the trial court neither established arrears, nor addressed defendant's capacity to pay a lump sum, the court did vaguely direct defendant to try to reduce the arrears. So, to that extent, plaintiff partially prevailed on her only child-support-related claim.

Furthermore, the court ignored the thrust of plaintiff's motion, which was sparked by defendant's then-alleged violation of the FRO, and also reflected plaintiff's concerns about defendant's care of the child[]. Plaintiff sought

suspension of overnight parenting time pending anger management and substance abuse evaluation. The court ordered defendant to submit to an evaluation.[6] Particularly since the court failed to make findings regarding plaintiff's factual allegations, the court lacked a basis for deciding they were raised in bad faith. Even after defendant was convicted before Judge Venezia, the trial judge declined to make a finding regarding defendant's compliance with the FRO. In sum, the court's finding that plaintiff litigated in bad faith is unsupported by law or fact.

Lastly, in arriving at a counsel fee award of $5,938.04, which it deemed "reasonable and fair," the court provided no basis as to how it arrived at the amount. In determining counsel fees, the court was required to "determine the 'lodestar,' which equals the number of hours reasonably expended multiplied by a reasonable hourly rate." J.E.V. v. K.V., 426 N.J. Super. 475, 493-94 (App. Div. 2012) (quoting Yueh v. Yueh, 329 N.J. Super. 447, 464 (App. Div. 2000)).

Plaintiff also asks us to reverse the trial court's denial of her request for counsel fees. Our conclusion that the court erred in granting defendant fees does not compel an award of counsel fees to plaintiff. The record before us does not

---

[6] Without notice of any cross-motion by defendant, the court also sua sponte ordered that plaintiff submit to an evaluation.

indicate that plaintiff provided to the trial court an affidavit of services that addressed all the factors enumerated by RPC 1.5(a), as <u>Rule</u> 4:42-9(b) requires. Plaintiff also did not provide sufficient information regarding the financial circumstances of the parties, to enable the court to address the relevant factors under <u>Rule</u> 5:3-5(c). In sum, the record lacks sufficient grounds to justify an award of fees to plaintiff.

We therefore reverse the trial court's award of fees to defendant and affirm the trial court's denial of fees to plaintiff.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0529-19T3