**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1041-20

SLAWOMIR KIELCZEWSKI,

     Plaintiff-Appellant/
     Cross-Respondent,

and

SLAWOMIR KIELCZEWSKI,
d/b/a BE CONSTRUCTION,
and BE CONSTRUCTION, d/b/a
BE CONSTRUCTION
CORPORATION,

     Plaintiffs,

v.

BARBARA REED,

     Defendant-Respondent/
     Cross-Appellant,

and

RAFAL SKRZYPCZAK, SERHIY
DROZDYAK, PIOTR CYBURA,
BRAHMA CONSTRUCTION,
H&S CONSTRUCTION
AND MECHANICAL,

HANNON FLOORS,
M&M CONSTRUCTION
COMPANY, PRECISION
BUILDING AND
CONSTRUCTION, LLC,
SEAWOLF CONSTRUCTION,
SISTERS OF CHARITY, TILCON
NEW YORK, INC., UNIMAK LLC,
VIACO CONSTRUCTION,
WALLKILL GROUP, and
YMCA OF THE ORANGES,

     Defendants.

_____

DARIUS A. MARZEC,

     Respondent.

_____

Argued March 16, 2022 – Decided August 30, 2022

Before Judges Gilson, Gooden Brown, and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. C-000032-18.

David W. Fassett argued the cause for appellant/cross-respondent (Arseneault & Fassett, LLC, attorneys; David W. Fassett and Gregory D. Jones, on the briefs).

Daniel B. Tune argued the cause for respondent/cross-appellant (Martin & Tune, LLC, attorneys; Daniel B. Tune, of counsel and on the briefs).

Darius A. Marzec, respondent, argued the cause pro se.

PER CURIAM

Plaintiff Slawomir Kielczewski appeals the $77,569[1] judgment entered against him on November 2, 2020, as sanctions for frivolous litigation. Defendant Barbara Reed cross-appeals the June 4, 2020 order denying sanctions against Kielczewski's former counsel, Darius Marzec. For the reasons that follow, we reverse the order entering judgment against Kielczewski and affirm the order denying sanctions against Marzec.

We glean these facts from the record. In 2018, Kielczewski filed a complaint against Reed and others alleging numerous claims, including breach of contract, breach of covenant of good faith and fair dealing, misappropriation of trade secrets, breach of fiduciary duty, unjust enrichment, conversion, fraud, tortious interference with prospective economic benefit, negligent misrepresentation of material facts, and civil conspiracy, among other claims.

In the complaint, Kielczewski alleged that Reed had unlawfully taken control of his company, Be Construction Corporation (Be Construction). According to the complaint, Kielczewski formed Be Construction in 2013 and transferred the then-existing contracts of his former company, Kielczewski Corporation, to the new business. Kielczewski alleged that he authorized Reed,

---

[1] We round all monetary amounts to the nearest dollar.

A-1041-20

who was initially hired as a bookkeeper and office manager, to "handle administrative aspects" of the new business because of his ailing health. However, according to Kielczewski, Reed subsequently held herself out to be the owner of the company and took control of its accounts and other property.

Reed filed a contesting answer with affirmative defenses and counterclaims, alleging tortious interference with economic advantage, defamation, and unjust enrichment. Reed claimed she was the sole "incorporator," "director," "shareholder," and "registered agent" of Be Construction. Reed's attorney also served Marzec with a Rule 1:4-8 notice and demand letter (safe-harbor notice) asserting that the complaint was frivolous and should be withdrawn. He included with the notice copies of canceled checks representing purported payments from Reed to Kielczewski for company vehicles and equipment. The notice also asserted that Kielczewski was estopped from claiming ownership of the company due to his previous denials of ownership. In support, the notice included interrogatory responses from Kielczewski's 2015 divorce proceedings in which he denied ownership of Be Construction.

Notwithstanding the safe-harbor notice, Kielczewski and Marzec elected to proceed with the lawsuit. Kielczewski certified that he disputed the

4 <span>A-1041-20</span>

authenticity of the purported interrogatory responses, averring he had not previously seen them. Later, Marzec certified that he had questioned whether the interrogatory responses were even admissible, as they might have been obtained in violation of the attorney-client privilege. Additionally, Kielczewski showed Marzec a March 19, 2018 decision from the National Labor Relations Board (NLRB), in which the NLRB had found Kielczewski owned Be Construction. According to the NLRB:

> About December 13, 2013, . . . B[e] Construction was established by . . . [Kielczewski Corporation] as a disguised continuation of [Kielczewski Corporation] for the purpose of evading its responsibilities under the [National Labor Relations Act (Act)]. . . . [Kielczewski Corporation] and . . . B[e] Construction are, and have been at all material times, alter egos and a single employer within the meaning of the Act.

Subsequently, the trial judge allowed Marzec to withdraw as counsel because Kielczewski had accrued more than $50,000 in overdue legal fees. Thereafter, Reed moved for summary judgment. In support, Reed submitted a deposition transcript showing that Kielczewski had denied ownership of Be Construction under oath in another lawsuit involving a bank. She also presented documents from Kielczewski's divorce proceedings, tax returns, and application for social security benefits further demonstrating he had previously denied ownership. Kielczewski opposed the motion pro se and submitted an affidavit

5

in which he admitted "misrepresent[ing his] relationship with Be Construction . . . in the past in order to avoid union obligations."  However, Kielczewski averred that Reed "was never the owner of Be Construction" but only "agreed that she would . . . act as a stand in owner" so that he could "avoid labor union obligations."  He also submitted a copy of the NLRB decision.

During oral argument on the summary judgment motion, the judge acknowledged she was "struggling with" whether the NLRB decision precluded summary judgment in the matter.  After defense counsel presented his arguments, the judge explained:

> I agree with almost everything you've said.  And a party cannot create a genuine issue of material fact by simply offering a sworn statement that contradicts earlier sworn testimony.
>
> . . . .
>
> . . . However, there's a finding in the . . . NLRB case.  And that's a court finding.  That he was the owner. . . .  [I]s that sufficient in and of itself to raise a genuine issue of material fact[] precluding summary judgment.
>
> I'm not saying he . . . will prevail or won't prevail at trial.  I understand that he has a very high burden given these facts.  But does that preclude this [c]ourt from granting summary judgment?

6

In response, defense counsel argued Reed was not bound by the NLRB decision because she "was not a party" to the case. In turn, Kielczewski argued that the NLRB decision precluded the court from granting Reed summary judgment, citing a case from 1914, which purportedly stated that "two sources of power cannot regulate the same thing." Therefore, Kielczewski contended, "if NLRB being a federal agency ruled already that this is . . . my company, I don't see how it could be that somebody else could rule that it's not."

Nonetheless, in an order entered October 31, 2019, the judge granted Reed summary judgment. In an accompanying written opinion, the judge determined that the NLRB's findings had no preclusive effect and, therefore, did not create a genuine issue of material fact. The judge also observed that Kielczewski had "perjured himself either in this matter or previous legal matters" and reasoned he could not "create a genuine issue of fact merely by offering a new sworn statement now that contradicts a multitude of earlier testimony." The judge also pointed out that Kielczewski was unable to produce affidavits from others supporting his ownership claims, and "[Kielczewski's] affidavit [did] not clarify his prior sworn testimony, it expressly and indubitably contradict[ed] it." Therefore, the judge found that Kielczewski "[did] not present any evidence to demonstrate he own[ed] the company" and held his "conclusory assertions

[were] insufficient to overcome a meritorious motion for summary judgment." Kielczewski did not appeal the decision.

Reed subsequently moved for sanctions against Kielczewski and Marzec for frivolous litigation. Reed requested the court award $77,569 for attorney's fees, $504,927 in consequential damages, and $350,000 as "a coercive sanction to deter future frivolous litigation." Reed also submitted evidence of Marzec's allegedly fraudulent conduct in other unrelated matters. Kielczewski and Marzec both opposed the motion.

In a June 4, 2020 order, the judge granted the motion in part as to Kielczewski, but denied the motion as to Marzec. In an accompanying statement of reasons, as to Marzec, the judge found the evidence did not clearly show that Marzec's allegedly fraudulent tactics in unrelated matters paralleled what occurred in this case. The judge also determined that Marzec had not commenced the litigation in bad faith or for a wrongful purpose, finding that "[Kielczewski's] position, as it was conveyed to [Marzec], was not completely untenable as to warrant sanctions." Moreover, the judge reasoned that during Marzec's representation, "there was not enough evidence" to show that Kielczewski's claims were frivolous.

However, as to Kielczewski, the judge declared Kielczewski "knew at the commencement of this lawsuit he had previously represented his relationship to the company in a completely different light, and did not withdraw his pleadings, even though, as this litigation continued, it was clear plaintiff had insufficient evidence to support his claims." Moreover, referencing Kielczewski's previous contradictory sworn statements, the judge stated that "[i]t is indisputable plaintiff perjured himself throughout the course of this litigation." Consequently, the judge reasoned that Kielczewski could not "make the argument he relied upon his former attorney's assessment of his claims to escape the misrepresentations he made under oath."

Although the judge concluded Kielczewski had "acted in contravention of [Rule] 1:4-8 and N.J.S.A. 2A:15-59.1 when he continually pursued this litigation, despite having no evidence to support his claims and despite making contradictory statements under oath[,]" the judge found the sanctions request excessive and granted Reed only $77,569 in legal fees in a judgment entered on November 2, 2020.

In this ensuing appeal and cross-appeal, Kielczewski contends the judge made several errors including: (1) finding that he had lied in this litigation and offered no evidence to support his claim; (2) ignoring that Reed's safe-harbor

notice was deficient because it proffered an erroneous legal theory that was not the basis of the summary judgment decision; (3) concluding he was not entitled to rely on Marzec's assessment of his claim; and (4) failing to specify when his complaint became frivolous and awarding fees only from that date. Reed argues the judge erred in not granting sanctions against Marzec.

"We review a trial court's imposition of frivolous litigation fees for an abuse of discretion. Reversal is warranted when 'the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment.'" Tagayun v. AmeriChoice of N.J., Inc., 446 N.J. Super. 570, 577 (App. Div. 2016) (citation omitted) (quoting Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)).

The Frivolous Litigation Statute, N.J.S.A. 2A:15-59.1, provides that a court may award a prevailing party in a civil action reasonable attorney fees "if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous." The statute establishes two bases for concluding an action was frivolous:

> (1) The complaint, counterclaim, cross-claim or defense was commenced, used or continued in bad

faith, solely for the purpose of harassment, delay or malicious injury; or

(2) The nonprevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

[N.J.S.A. 2A:15-59.1(b).]

Judges are to interpret the statute restrictively, McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 561 (1993), and we have explained that "[s]anctions for frivolous litigation are not imposed because a party is wrong about the law and loses his or her case," Tagayun, 446 N.J. Super. at 580. Furthermore, "[t]he statute should not be allowed to be a counterbalance to the general rule that each litigant bears his or her own litigation costs, even when there is litigation of 'marginal merit.'" Belfer v. Merling, 322 N.J. Super. 124, 144 (App. Div. 1999) (quoting Venner v. Allstate, 306 N.J. Super. 106, 113 (App. Div. 1997)).

Sanctions under N.J.S.A. 2A:15-59.1 are applicable against parties, not their attorneys. Toll Bros., Inc. v. Twp. of W. Windsor, 190 N.J. 61, 68 (2007). However, Rule 1:4-8 authorizes sanctions against attorneys and pro se parties for frivolous litigation. "For purposes of imposing sanctions under Rule 1:4-8,

an assertion is deemed 'frivolous' when 'no rational argument can be advanced in its support, or it is not supported by any credible evidence, or it is completely untenable.'" Bove v. AkPharma Inc., 460 N.J. Super. 123, 148 (App. Div. 2019) (quoting United Hearts, LLC, v. Zahabian, 407 N.J. Super. 379, 389 (App. Div. 2009)).

An attorney or pro se party who violates the Rule may incur sanctions, including "an order directing payment to the movant of some or all of the reasonable attorneys' fees." R. 1:4-8(d). However, "the Rule imposes a temporal limitation on any fee award, holding that reasonable fees may be awarded only from that point in the litigation at which it becomes clear that the action is frivolous." Wolosky v. Fredon Twp., 472 N.J. Super. 315, 328 (App. Div. 2022) (quoting LoBiondo v. Schwartz, 199 N.J. 62, 99 (2009)).

Rule 1:4-8 also declares that a movant may not seek sanctions for frivolous litigation without having first served written notice and demand to the opposing attorney or pro se party. R. 1:4-8(b)(1). Likewise, a movant seeking to obtain fees from a represented party under N.J.S.A. 2A:15-59.1 must comply with this safe-harbor provision "[t]o the extent practicable." R. 1:4-8(f). Critically, the safe-harbor notice must "set forth the basis" for the belief that an attorney or party violated Rule 1:4-8 "with specificity." R. 1:4-8(b)(1)(ii).

The safe-harbor provision's specificity requirement obligates those seeking awards for frivolous litigation to have alerted the opposing attorney or party "about the frivolous nature of the complaint on which they prevailed" in court. Ferolito v. Park Hill Ass'n, Inc., 408 N.J. Super. 401, 410 (App. Div. 2009). Because "a notice and demand articulating an objection on one legal theory does not serve to alert the client or the attorney to other weaknesses," failure to identify the dispositive issue "preclude[s] an award of fees and costs." Id. at 409-10; see also Bove, 460 N.J. Super. at 155 (concluding that failure to notify the plaintiff that his claims were statutorily barred, as the trial court had determined, provided reason to reverse a sanctions award). Moreover, "even if a non-prevailing party does not complain about a deficiency regarding a safe-harbor notice, the judiciary itself has an institutional interest in assuring that the safe-harbor prerequisite to fee-shifting is strictly enforced." Bove, 460 N.J. Super. at 155.

In Tagayun, we decided that a pro se plaintiff should not be sanctioned for frivolous litigation, even though the defendant's safe-harbor notice had correctly warned the plaintiff that he lacked standing. 446 N.J. Super. at 575, 581. The plaintiff mistakenly believed he had standing as a third-party beneficiary to the contract at issue. Id. at 581. We reasoned "[t]he judge properly declined to

A-1041-20

accept that argument, but an award of sanctions was not warranted simply because [the plaintiff] misconstrued the law." Ibid. Similarly, in Belfer, we explained that "[w]hen the plaintiff's conduct bespeaks an honest attempt to press a perceived, though ill-founded and perhaps misguided, claim, he or she should not be found to have acted in bad faith." 322 N.J. Super. at 144-45.

Here, the judge concluded Kielczewski's claim was frivolous because he failed to produce any evidence to demonstrate that he owned Be Construction. However, at the summary judgment hearing, the judge acknowledged struggling with whether the NLRB's finding that Kielczewski owned the company was sufficient to create an issue of material fact precluding summary judgment. Given that acknowledgment, there is insufficient evidence to support the judge's later declaration that "as this litigation continued, it was clear [Kielczewski] had insufficient evidence to support his claims." Moreover, although Kielczewski was mistaken about the significance of the NLRB decision, that alone does not support a finding that he commenced or continued the litigation in bad faith. See ibid.

Additionally, in light of the judge's initial doubts about granting summary judgment, it would be contradictory to conclude that Kielczewski "knew, or should have known" that his claim "was without any reasonable basis in law or

14

equity." N.J.S.A. 2A:15-59.1(b)(2). Given the NLRB decision, it was not unreasonable for Kielczewski to have believed he would unearth more evidentiary support for his claim through discovery. See R. 1:4-8(a)(3). Thus, Kielczewski's complaint was not so untenable as to warrant sanctions.

Furthermore, Reed's safe-harbor notice was deficient. The safe-harbor notice warned Kielczewski and Marzec that the litigation was frivolous because Kielczewski was estopped from claiming ownership of the company, given his previous denials. However, in deciding the summary judgment motion, the judge did not rule that Kielczewski's claim failed due to any estoppel doctrine. Instead, the judge held that Kielczewski did not produce any evidence to show he had a legitimate claim to the company, and thus Reed was entitled to summary judgment as a matter of law. Because Reed's safe-harbor notice did not specify that the claim was frivolous for the reasons the judge ruled in her favor, the notice was deficient, and Reed was not entitled to an award of attorney's fees. Bove, 460 N.J. at 155 (emphasizing "the safe-harbor prerequisite to fee-shifting is strictly enforced").

Therefore, we conclude the judge mistakenly exercised her discretion in imposing frivolous litigation sanctions on Kielczewski because Kielczewski's complaint was not completely untenable, and Reed's safe-harbor notice was

deficient.  Accordingly, we vacate the $77,569 judgment.  Reed's cross-appeal fails for the same reasons.

Affirmed in part; reversed in part.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1041-20