**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2780-21

JOHN DOE,

       Plaintiff-Appellant/
       Cross-Respondent,

v.

The Estate of C.V.O., JR.,[1]
and The Estate of G.A.O.,

       Defendants-Respondents/
       Cross-Appellants.

_____

> **APPROVED FOR PUBLICATION**
>
> **October 12, 2023**
>
> **APPELLATE DIVISION**

Submitted September 12, 2023 – Decided October 12, 2023

Before Judges Sumners, Rose and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-3924-21.

Fuggi Law Firm, PC, attorneys for appellant/cross-respondent John Doe (Robert R. Fuggi, Jr., Michael R. Napolitano, Bradley L. Rice, and Emma A. McElligott, of counsel and on the briefs).

Donnelly Minter & Kelly, LLC, attorneys for respondent/cross-appellant The Estate of C.V.O., Jr. (Patrick B. Minter, of counsel and on the briefs;

---

[1] We use initials to preserve the confidentiality of these proceedings.  R. 1:38-3(c)(9); N.J.S.A. 2A:61B-1(f)(1).

Thomas J. Coffey and Alison L. Moody, on the briefs).

Morgan, Lewis & Bockius LLP, attorneys for respondent/cross-appellant The Estate of G.A.O. (Brian W. Shaffer, and William R. Peterson (Morgan, Lewis & Brockius, LLP) of the Texas bar, admitted pro hac vice, of counsel and on the briefs).

Levy Baldante Finney & Rubenstein PC, attorneys for amicus curiae Child U.S.A. (John Baldante, of counsel and on the brief).

The opinion of the court was delivered by

PEREZ FRISCIA, J.S.C. (temporarily assigned)

This appeal raises issues of first impression pertaining to the civil prosecution of statutory and common law personal injury claims arising from allegations of sexual abuse committed fifty-five years ago against a child by his sister, who also was a minor when the acts occurred. On November 17, 2021, plaintiff John Doe filed Child Sexual Abuse Act (CSAA), N.J.S.A. 2A:61B-1, and common law negligence, gross negligence, and negligent infliction of emotional distress claims against defendants, his deceased parents' estates, the Estate of C.V.O., Jr. and the Estate of G.A.O., alleging his parents failed to prevent sexual assaults committed by his minor sister, D.O.

In 2019, the New Jersey Legislature enacted the Child Victims Act (CVA), L. 2019, c. 120, which supplemented and amended the statute of limitations in civil actions for sexual abuse claims and expanded the categories

of potentially liable defendants. The CVA created two new statutes of limitations for actions at law for injuries resulting from the commission of sexual crimes, which both became effective on December 1, 2019. Pertinent to this appeal is the enacted statute of limitations which provided a two-year revival window for victims to file otherwise time-barred claims for sexual crimes committed against them while minors. N.J.S.A. 2A:14-2b. The second enacted statute of limitations expanded the time for filing claims for "certain sexual crimes," permitting minor victims to file claims "within 37 years after the minor reaches the age of majority, or within seven years from the date of reasonable discovery of the injury . . . whichever is later." N.J.S.A. 2A:14-2a. The statutes similarly provide for actions at law arising from sexual crimes committed against minors, including: "sexual assault, any other crime of a sexual nature, a prohibited sexual act . . ., or sexual abuse as defined in [the CSAA]." N.J.S.A. 2A:14-2a; N.J.S.A. 2A:14-2b. The CVA also supplemented the CSAA discovery period provision, providing that it is subject to N.J.S.A. 2A:14-2a.

Doe appeals from the Law Division's March 29, 2022 order, which granted defendants' motions to dismiss for failure to state a claim upon which relief can be granted under Rule 4:6-2(e). Doe argues the motion judge erred in finding a cause of action did not exist for sexual abuse under the CSAA

because D.O. was not an adult, and that the passive abuser claims against his parents' estates failed because they were derivative. Doe additionally argues the judge erred in dismissing his common law claims based on the erroneous finding that the claims were precluded under the two-year revival window because no cognizable CSAA claim existed, and that the discovery rule did not apply. Defendants cross-appeal from the June 20, 2022 order denying their motion for fees.

We affirm in part and reverse in part. As the CSAA defines sexual abuse as an action committed by an adult against a child, we conclude Doe's derivative passive abuser claims against defendants fail. Thus, we affirm dismissal of Doe's CSAA claims. However, we part ways with the judge's decision that Doe's common law claims were precluded by the CSAA. Accordingly, we conclude Doe's common law claims against the defendants are cognizable because they were timely filed and alleged sexual assaults committed by D.O. when she was a minor.

I.

Doe alleges the following pertinent facts in his complaint. In or around 1964 or 1965, when Doe was nine or ten years old, he was sexually abused by way of "forced intercourse" "multiple times" over a period of "several months" by D.O., his then thirteen- or fourteen-year-old sister. D.O. touched Doe's

penis, raised her nightgown, and "sat on top of [Doe's] exposed genitals." D.O. violently hit Doe "when he tried to move away." The sexual abuse "always involved D.O. straddling" Doe and striking him in the face. At "sometime during" the continued abuse, Doe "reported to his mother that D.O. was engaging in conduct that he did not like and described specifically the actions." Doe, at the time, "wrote a letter to his father describing D.O.'s abuse." Doe maintained their parents "knew or should have known that D.O. was sexually abusing [him]." Despite Doe's parents having actual knowledge of the events, neither took any action to prevent the continued abuse. Years later, in 2010, Doe discussed with his parents "the effect of D.O.'s abuse," and in 2017, they acknowledged the sexual abuse in an unrelated lawsuit.

Doe's CSAA claims alleged his parents were passive abusers because they "knowingly permitted or acquiesced in the sexual abuse committed by D.O." As to his common law negligence and gross negligence claims, Doe asserted defendants "breached their duties to [him] through their negligent and grossly negligent care, supervision, failure to rescue, and other actions and inactions that permitted D.O. to abuse [him] over a multiple month period."[2] Doe additionally claimed negligent infliction of emotional distress as

---

[2] We acknowledge Doe's claims for negligence and gross negligence are pleaded as negligent supervision claims.

defendants "owed [him] a duty to use reasonable care to ensure [his] safety and well-being . . . by virtue of his status as a minor and family member in the household."

On January 31, 2022, defendants moved to dismiss Doe's complaint for failure to state a claim upon which relief can be granted. Doe opposed the motions. At oral argument, defendants contended the CSAA claims failed as a matter of law because the CSAA "provides a cause of action for sexual contact or sexual penetration between a child under the age of [eighteen] and an adult" and, therefore, "where the alleged abuser is a minor" there is no cause of action. Defendants further argued that Doe's CSAA claims against his parents were derivative claims "not legally cognizable . . . where the underlying acts [did] not constitute sexual abuse." Defendants did not dispute that Doe timely filed the CSAA claims.

As to the common law claims, defendants argued Doe failed to file the action within the two-year statute of limitations for personal injury claims, which "ran no later than 2012." Defendants maintained the CVA "allow[ed] for an extension [of] . . . the statute of limitations, [only] where there [was], in fact, a viable claim under the CSAA." Defendants relied on Hardwicke v. American Boychoir School, 188 N.J. 69 (2006), arguing the common law

6

claims could only proceed, pursuant to the discovery rule, if D.O. were an adult who committed sexual abuse under the CSAA.

Doe argued in opposition that his common law claims were timely filed within the "two-year [revival] window regardless of whether the claims [we]re based on the CSAA or other actions at law, including common law claims." Further, Doe argued that the CSAA claims were not precluded because "claims [were permitted] to be brought against passive abusers . . . [who] acquiesced in the abuse of a minor."

On March 29, 2022, the judge entered an order granting defendants' motions and dismissing Doe's claims with prejudice. In his written statement of reasons, the judge reasoned Doe could not "sustain a claim under the CSAA because he was not abused by an adult." The judge emphasized defendants could not be held liable under the CSAA "because liability stems from the statutory definition of 'sexual abuse,' which is sexual contact or penetration between an adult and a minor." The judge further held the two-year revival window did "not apply to common law causes of action, unless . . . plaintiff [had] a valid claim under the CSAA" and, specifically, that Doe's "common law claims [were] barred by the [s]tatute of [l]imitations" because Doe "fail[ed] to state a claim under the CSAA." The judge also found "the common law discovery rule . . . support[ed] dismissal of [Doe's] claims,"

because Doe "was aware that he had been injured as far back as 2010, or alternatively by 2017," and therefore he filed the complaint "outside of the [s]tatute of [l]imitations."

On April 18, 2022, defendants moved for attorney's fees. At argument, defendants contended that despite providing Doe with notice "of the frivolous nature of his . . . pleadings," Doe nevertheless filed the complaint. Defendants further argued "[t]he equities . . . support[ed] an award of fees" because "there [was] a facially obvious fundamental dispositive flaw on each of [the] counts" pleaded. Doe, in response, argued counsel fees should not be awarded as there "had been no showing of bad faith," he "took an opportunity that the [S]tate granted all victims of abuse to try to bring [his] claims," and there were "many cases in which child sex abuse cases [were] brought where there [was not] a CSAA claim . . . but nonetheless common law claims could be permitted."

On June 20, 2022, the judge issued an amended order denying counsel fees. The judge in a written decision found "the filing of the complaint . . . [was] not frivolous" as the court had merely "adopted a different interpretation of the CSAA." The judge further found Doe had "filed his [c]omplaint in good faith based on an honest belief that he had a valid claim under the CSAA" and "that the 2019 amendment[] to the CSAA [was] a relatively new statute that

courts and counsel alike [were] interpreting and applying to the unique set of facts in each case."

## II.

Doe argues on appeal the judge erred in: (1) dismissing the common law claims because the CVA removed the statute of limitations for all sexual abuse claims, whether statutory or common law; (2) applying the CSAA definition of "sexual abuse" to the common law claims and finding the revival statute did not toll Doe's common law claims; and (3) applying an overly narrow interpretation of the CSAA to bar his claims.

Defendants both argue Doe's common law claims are barred by the two-year statute of limitations for personal injury actions, N.J.S.A. 2A:14-2. Defendants also argue Doe's common law claims are precluded from the CVA enacted two-year revival window because Doe did not set forth one "of four enumerated [sexual] causes of action," which are "sexual assault," "a different crime of a sexual nature," "a prohibited sexual act as defined in [N.J.S.A. 2A:30B-2]" or "'sexual abuse' as defined under the CSAA." See N.J.S.A. 2A:14-2b(a). The Estate of G.A.O. argues: the statutory term "sexual assault" must be interpreted as the "commission of the crime of sexual assault"; Doe's complaint fails as he did not allege "he had suffered the crime of sexual assault"; and Doe only asserted a claim for sexual assault under "some type of

A-2780-21

'undefined' common law meaning." The Estate of C.V.O., Jr. argues any error made by the judge in applying the statute of limitations incorrectly was harmless as the "common law claims are ineligible for the CVA's two-year lookback window because [Doe] failed to assert a valid claim" under the CSAA. The Estate of C.V.O., Jr. further argues the Court in Hardwicke, "made clear that common law claims must arise from a valid CSAA claim in order to be saved by the CSAA's statute of limitations or discovery rule."

Child USA, appearing as amicus curiae, asserts the legislative intent in enacting the CVA was to create a remedial statute to be interpreted broadly, which clearly can be discerned from "the statute's language and legislative history." In its view, the Legislature passed the CVA to broaden civil actions to provide recourse for all victims of child sexual abuse, and defendants' purported interpretation would defeat the legislative purpose. Child USA supports Doe's arguments that the CSAA passive abuser claims against defendants are viable irrespective of the fact that D.O. was not an adult, that the common law claims were timely filed, and the common law claims are permissive "actions at law" not tethered to the CSAA claims.

### III.

We begin our analysis by acknowledging the legal principles that govern this appeal. We review de novo "the trial court's determination of the motion

to dismiss under Rule 4:6-2(e)." Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019); see also Barron v. Gersten, 472 N.J. Super. 572, 576-77 (App. Div. 2022) ("[W]e review de novo a trial court's decision to dismiss a complaint as barred by a statute of limitations."). Thus, we accord "no deference to the . . . judge's conclusions." Mac Prop. Grp. LLC & The Cake Boutique LLC v. Selective Fire & Cas. Ins. Co., 473 N.J. Super. 1, 16 (App. Div. 2022) (alteration in original) (quoting State ex rel. Comm'r of Transp. v. Cherry Hill Mitsubishi, Inc., 439 N.J. Super. 462, 467 (App. Div. 2015)).

When deciding a motion to dismiss under Rule 4:6-2(e), the test to determine "the adequacy of a pleading" is "whether a cause of action is 'suggested' by the facts." MasTec Renewables Constr. Co. v. SunLight Gen. Mercer Solar, LLC, 462 N.J. Super. 297, 309 (App. Div. 2020) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). A plaintiff is "entitled to every reasonable inference of fact," and the court is not concerned with whether a plaintiff is able to prove their allegations. Banco Popular N. Am. v. Gandi, 184 N.J. 161, 165 (2005) (quoting Printing Mart, 116 N.J. at 746). "[W]e accept as true the complaint's factual assertions." Grillo v. State, 469 N.J. Super. 267, 273 (App. Div. 2021) (citing Banco, 184 N.J. at 165-66).

Generally, "motions to dismiss 'should be granted only in the rarest of instances.'" MasTec Renewables, 462 N.J. Super. at 309 (quoting Printing Mart, 116 N.J. at 772). However, "[a] pleading should be dismissed if it states no basis for relief and discovery would not provide one." McNellis-Wallace v. Hoffman, 464 N.J. Super. 409, 415 (App. Div. 2020) (alteration in original) (quoting Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 113 (App. Div. 2011)). An "impediment such as a [preclusion under the] statute of limitations" indicates the dismissal should be with prejudice. Nostrame v. Santiago, 213 N.J. 109, 127 (2013) (quoting Printing Mart, 116 N.J. at 772).

We also review "[q]uestions of statutory interpretation . . . de novo." W.S. v. Hildreth, 252 N.J. 506, 518 (2023). "A statute of limitations is what its name indicates: a statute enacted by the Legislature to limit the time period in which a lawsuit can be filed." Barron, 472 N.J. Super. at 576. "In construing a statute, our 'overriding goal is to determine as best we can the intent of the Legislature, and to give effect to that intent.'" Bermudez v. Kessler Inst. for Rehab., 439 N.J. Super. 45, 50 (App. Div. 2015) (quoting State v. Hudson, 209 N.J. 513, 529 (2012)).

"The 'best indicator' of legislative intent 'is the statutory language.'" W.S., 252 N.J. at 518 (quoting State v. Lane, 251 N.J. 84, 94 (2022)). Thus, in

interpreting a statute, we first start with reviewing the actual language of the statute. Goldhagen v. Pasmowitz, 247 N.J. 580, 599 (2021). We "ascribe[] to the statutory words their ordinary meaning and significance and read[] them in context with related provisions so as to give sense to the legislation as a whole." W.S., 252 N.J. at 519 (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)). "If the language of a statute is clear, a court's task is complete." In re Plan for Abolition of the Council on Affordable Hous., 214 N.J. 444, 468 (2013); see also E.C. by D.C. v. Inglima-Donaldson, 470 N.J. Super. 41, 49 (App. Div. 2021) (interpreting the CVA enacted Tort Claims Act amendments, and holding "[i]t [was] not our role to 'rewrite a plainly-written enactment of the Legislature []or presume that the Legislature intended something other than that expressed by way of the plain language.'" (quoting O'Connell v. State, 171 N.J. 484, 488 (2002))). "Additionally, when amendments are passed jointly or as part of a legislative scheme, we must construe them together to make sense of the legislative intent." W.S., 252 N.J. at 519.

## A.
### Statutory Claims

In enacting the CSAA in 1992, the Legislature provided victims a "statutory cause of action for sexual abuse." R.L. v. Voytac, 199 N.J. 285, 297 (2009). The CSAA fosters the Legislature's "paramount goal . . . to keep children safe and to identify those who abuse them as well as those who

facilitate the abuse."  Hardwicke, 188 N.J. at 90.  "Prior to 1992, victims of sexual abuse were limited to common-law theories . . . and constrained by . . . the two-year statute of limitations for tort actions."  Id. at 85.  Under the CSAA, an adult that commits a sexual offense against a child is subject to potential liability.  The CSAA provides in pertinent part:

> a. As used in this act:
>
>> (1) "Sexual abuse" means an act of sexual contact or sexual penetration between a child under the age of 18 years and an adult.  A parent, resource family parent, guardian or other person standing in loco parentis who knowingly permits or acquiesces in sexual abuse by any other person also commits sexual abuse, except that it is an affirmative defense if the parent, resource family parent, guardian or other person standing in loco parentis was subjected to, or placed in, reasonable fear of physical or sexual abuse by the other person so as to undermine the person's ability to protect the child.
>
>> . . . .
>
> b. In any civil action for injury or illness based on sexual abuse, the cause of action shall accrue at the time of reasonable discovery of the injury and its causal relationship to the act of sexual abuse.  Any such action shall be subject to the statute of limitations set forth in section 2 of [N.J.S.A. 2A:14-2a].
>
> [N.J.S.A. 2A:61B-1(a)(1), (b) (emphasis added).]

The Court has explained the CSAA "establishes two classes of abusers: those persons who inflict the abuse (active abusers), and those persons who stand in loco parentis within the household who know of the abuse and who fail to protect the child (passive abusers)." Hardwicke, 188 N.J. at 86.

Our Supreme Court in W.S. concluded the landmark CVA amendments, as applied to the CSAA, Charitable Immunity Act, N.J.S.A. 2A:53A-7 to -11, and the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3, eliminated the procedural requirements of the TCA for "action[s] at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act . . ., or sexual abuse." 252 N.J. at 524 (alteration in original) (quoting N.J.S.A. 59:8-3(b)). The Court found the Legislature had revived "claims that would have been barred under the prior two-year statute of limitations."[3] Id. at 511. The Court recognized the purpose of the CVA "was to 'greatly increase[] the ability of victims of sexual abuse to pursue justice through the court system.'" Id. at 524 (quoting Governor's Statement to S. 477, 1 (May 13, 2019)).

---

[3] The Court declined the request of the Attorney General, appearing as amicus curiae, to clarify whether its holding applied to common law claims that did not arise under the CSAA. W.S., 252 N.J. at 525 n.3. The Court stated, the Attorney General could "ask the trial court, on remand, to determine which of plaintiff's claims fell within the language of the 2019 amendments." Ibid.

Doe argues the judge erred in interpreting the CSAA's definition of "sexual abuse" as applied to D.O., who was a minor. We disagree. The CSAA does not define the term adult; however, it specifically defines a child as one "under the age of 18 years." N.J.S.A. 2A:61B-1(a)(1). The Legislature has elsewhere elucidated by statute that "every person 18 or more years of age shall in all . . . matters and for all . . . purposes be deemed to be an adult." N.J.S.A. 9:17B-3. The Legislature is presumed to have knowledge of its existing legislation and long-standing enactments. Chase Bank U.S.A., N.A. v. Staffenberg, 419 N.J. Super. 386, 402 (App. Div. 2011). Thus, when the Legislature enacted the CSAA in 1992, and then amended the CSAA in 2019, it clearly intended to define sexual abuse as sexual contact or penetration between a child under eighteen and an adult eighteen or older, consistent with N.J.S.A. 9:17B-3.

The judge correctly noted the CSAA's definition of sexual abuse required an act against a child by "an adult," and found the passive abuser claim was precluded because D.O. was a minor when she allegedly committed forced sexual intercourse. See N.J.S.A. 2A:61B-1(a)(1). It is undisputed D.O. was thirteen or fourteen when the alleged sexual assaults occurred, and therefore is not considered an "adult" under the statute's plain meaning. We

thus agree with the judge that Doe's CSAA claims fail to state a cause of action because he was not sexually abused by an adult.

In addition, Doe's contention that the "passive abuser" claims against defendants are permitted under the CSAA, regardless of whether an "active abuser" claim is cognizable, is unavailing.[4] The CSAA provides a claim for liability against a parent who "knowingly permits or acquiesces in sexual abuse by any other person," but must be read in context with the preceding sentence stating sexual abuse by "an adult." N.J.S.A. 2A:61B-1(a)(1). As argued by defendants, a passive abuser claim is derivative and cannot stand without a cause of action for sexual abuse by an adult. The defined term "sexual abuse" is unambiguous and must be consistently applied throughout the statute.

Regardless of how factually compelling a claim may be, we cannot import a different meaning to clear statutory terms. A court cannot "write in an additional qualification which the Legislature pointedly omitted in drafting its own enactment, or engage in conjecture or surmise which will circumvent the plain meaning of the act." Soto v. Scaringelli, 189 N.J. 558, 569-70 (2007) (quoting DiProspero, 183 N.J. at 492). Rather, "Our duty is to construe and

---

[4] Doe additionally argued that defendants could be held vicariously liable for D.O.'s abuse. However, in his merits reply brief, Doe withdrew his vicarious liability claims. We therefore do not address that argument on appeal.

A-2780-21

apply the statute as enacted." DiProspero, 183 N.J. at 492 (quoting In re Closing of Jamesburg High School, 83 N.J. 540, 548 (1980)). Accordingly, there is no cognizable "passive abuser" claim.

B.
Common Law Claims

In contemplating the actionability of Doe's common law claims for negligence, gross negligence, and negligent infliction of emotional distress, stemming from his minor sister's alleged sexual assaults, at issue is whether these claims are permitted within the two-year filing window and are cognizable independently from a CSAA claim.

Our Supreme Court has long recognized "a child's right to receive redress for wrongs done to him or her" because a parent "has willfully or wantonly failed to watch over his or her child." Foldi v. Jeffries, 93 N.J. 533, 547 (1983). The Court considered what constitutes parental sphere decision-making in Buono v. Scalia, finding a traditional negligence claim is preserved where a parent's conduct "does not reflect a legitimate child-rearing decision." 175 N.J. 131, 145 (2004). Gross negligence is "an act or omission, which is more than ordinary negligence, but less than willful or intentional misconduct" and which "creates an unreasonable risk of harm to another because of the person's failure to exercise slight care." Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 364 (2016). Ibid. (quoting Model Jury Charge (Civil)

5.12, "Gross Negligence" (rev. Mar. 2019)). To establish a negligent infliction of emotional distress claim, "the plaintiff must demonstrate 'severe emotional distress' or 'genuine and substantial emotional distress.'" Innes v. Marzano-Lesnevich, 435 N.J. Super. 198, 237 (App. Div. 2014), aff'd 224 N.J. 584 (2016). We observe Doe has set forth recognized common law claims, but for purposes of this appeal, we need not address the merits of these claims.

In considering the dismissal of Doe's common law claims, we again begin with a review of the relevant statutory language. The Legislature enacted the two-year revival window specifically to allow time-barred "action[s] at law" for injuries resulting from the following four categories of sexual crimes: (1) "the commission of sexual assault"; (2) "any other crime of a sexual nature"; (3) "a prohibited sexual act as defined in [N.J.S.A. 2A:30B-2]"; (4) "or sexual abuse as defined in [the CSAA]." N.J.S.A. 2A:14-2b(a) (emphasis added). A plaintiff could proceed to bring a claim "[n]otwithstanding the statute of limitations provisions . . . or any other statute for an injury resulting from" the commission of one of the offenses. Ibid. (emphasis added).

The plain language of N.J.S.A. 2A:14-2b(a) is clear that "an action at law" includes common law and statutory claims. The Legislature provided four separate sexual offenses for victims to pursue causes of action. Pursuant

to the statute, a sexual assault action is a separately permitted "action at law." Ibid. Had the Legislature intended to limit the availability of claims only to sexual abuse claims under the CSAA, it would not have permitted "an action . . . from the commission of sexual assault" and separately stated "or sexual abuse as defined in [the CSAA]." Ibid. (emphasis added). Therefore, we conclude a timely-filed common law claim for the "commission of sexual assault" committed by a minor may proceed irrespective of a cognizable "sexual abuse" claim under the CSAA. See N.J.S.A. 2A:14-2b(a).

In enacting the supplementary two-year revival statutes of limitations, effective December 1, 2019, the CVA opened the door for previously time-barred common law claims stemming from sexual assault. Accordingly, Doe timely filed his complaint on November 17, 2021, within the two-year window, and alleged cognizable common law causes of action based on sexual assault.

Defendants' arguments that the common law claims fail because Doe's allegation of sexual assault, and acts of sexual abuse, do not fall within one of four enumerated sexual offenses are unavailing. The alleged "forced intercourse" by D.O. irrefutably falls within the enumerated offense of a "commission of sexual assault," even though perpetrated by a minor. See N.J.S.A. 2C:14-2(a) ("An actor is guilty of aggravated sexual assault if the

actor commits an act of sexual penetration with another person . . . less than 13 years old."). The argument that dismissal was warranted, because Doe did not specifically assert "he suffered the crime of sexual assault," is also unsupported as such specific verbiage is not required. We "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim." Wild v. Carriage Funeral Holdings, Inc., 458 N.J. Super. 416, 423 (App. Div. 2019) (alteration in original) (quoting Printing Mart, 116 N.J. at 746), aff'd in part, 241 N.J. 285, 287 (2020).

Further, were we to accept defendants' arguments that common law claims only are viable if there is a cognizable CSAA claim, then child victims who are sexually assaulted by another minor would be foreclosed from bringing common law causes of action. We reject that statutory interpretation. Defendants' arguments conflate the term sexual assault and the CSAA's definition of sexual abuse to contort preclusion under N.J.S.A. 2A:14-2b. This interpretation neither is supported by the statute's ordinary meaning nor the clear legislative intent, "as illuminated by the Legislature's stated desire to expand the rights of victims of sexual assaults and other sexual misconduct." E.C., 470 N.J. Super. at 47.

Similarly, defendants' reliance on <u>Hardwicke</u> is misplaced to support dismissal of Doe's common law causes of action absent a cognizable CSAA claim. We recognize the Court decided <u>Hardwicke</u> before the landmark CVA enactment; regardless, the Court did not hold that timely-filed common law claims were barred if a cognizable CSAA claim did not exist. Thus, a plaintiff precluded from a CSAA cause of action is not precluded from maintaining separate common law claims based on alleged abuse by a minor. Doe's common law claims are permitted under N.J.S.A. 2A:14-2b even though his CSAA claims against defendants are dismissed.

In sum, the plain language of the two-year revival window clearly permitted Doe to file "an action at law for an injury resulting from the commission of sexual assault" by D.O. as a minor. The judge erred in dismissing Doe's timely-filed common law claims, which are not tethered to the CSAA precluded claims. We therefore reverse and remand the order dismissing Doe's commons law claims. Again, we express no opinion as to the merits of the claims.

IV.

In accordance with our opinion, we need not address in detail defendants' cross-appeal seeking reversal of the judge's denial of attorney's fees. Defendants argue disparate reasons to reverse the denial of attorney's

fees. The Estate of G.A.O. does not challenge the judge's denial of fees for frivolous litigation, <u>Rule</u> 1:4-8, but argues entitlement to fees on equitable grounds the judge allegedly failed to consider. <u>R.</u> 4:42-9; <u>In re Niles,</u> 176 N.J. 282 (2003). The Estate of C.V.O., Jr. seeks reversal on frivolous litigation grounds. We conclude the judge correctly observed limited precedent regarding the application of the newly enacted CVA amendments, and we conclude there was no abuse of discretion in declining to award attorney's fees. <u>Tagayun v. AmeriChoice of N.J., Inc.</u>, 446 N.J. Super. 570, 580 (App. Div. 2016) ("Sanctions for frivolous litigation are not imposed because a party is wrong about the law and loses his or her case.").

Affirmed in part, reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION