**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2612-17T1

A.D.M. and M.I.,

     Plaintiffs-Appellants,

v.

A.M, W.M., M.R., J.R.,
P.M., JENNIFER E. PRESTI,
MANDELBAUM SALSBURG
PC, and E.M.,

     Defendants-Respondents.

_____

        Submitted December 4, 2018 – Decided December 19, 2018

        Before Judges Haas and Mitterhoff.

        On appeal from Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0626-16.

        A.D.M. and M.I., appellants pro se.

        Mandelbaum Salsburg PC, attorneys for respondents (Cheryl H. Burstein, on the brief).

PER CURIAM

Plaintiffs A.D.M.[1] and M.I. appeal from the Law Division's January 26, 2018 and March 9, 2018 orders granting summary judgment to defendants and ordering plaintiffs to pay $24,594 in attorneys' fees to defendants' counsel. For the reasons that follow, we affirm the trial court's grant of summary judgment but reverse the trial court's award of attorneys' fees.

The dispute in this case is related to a domestic violence action pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35, brought by A.M. and P.M. against A.D.M. in January 2015. A.M. is the mother of P.M. and A.D.M. A.M. and P.M. alleged that A.D.M. had committed acts of terroristic threats, harassment, and assault. On January 16, 2015, the court issued temporary restraining orders ("TRO") preventing A.D.M. from contacting A.M. and P.M. The TRO's also barred A.D.M from accessing the family residence owned by A.M., where A.M. and P.M. reside. A.D.M. had resided in the home prior to the entry of the TRO's. Additionally, A.D.M and M.I. had previously used a first-floor office in this residence for both business and personal activities.

---

[1] We use initials to protect the confidentiality of the parties. R. 1:38-3(d)(10).

On April 21, 2015, after a three-day bench trial, the court found that A.D.M. had committed acts of terroristic threats, harassment, and assault and granted P.M. a final restraining order ("FRO") against A.D.M.[2] The FRO also extended protections to A.M. and P.M.'s sister, M.R., and continued to bar A.D.M. from accessing the family residence. A.D.M. appealed the entry of the FRO, and we affirmed. P.M. v. A.D.M., Jr., No. A-4289-14 (App. Div. May 8, 2017).

While the appeal of the domestic violence matter was pending, plaintiffs filed the pro se complaint in this matter against defendants in May 2016.[3] The complaint alleged the following seven counts: (1) conversion; (2) intentional interference with business by outsider; (3) concealment or destruction of evidence; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; (6) filing a false restraining order complaint; and (7) conspiracy to commit a tort. In general, plaintiffs alleged that defendants

---

[2] The court found that there was insufficient evidence to enter an FRO to A.M.

[3] Plaintiff M.I. is A.D.M.'s long-time girlfriend and business partner. In addition to P.M., A.M, and M.R., the complaint named A.D.M.'s brother-in-law, J.R., and A.D.M.'s brother, E.M, as defendants. The complaint also named the attorneys who represented P.M. in the domestic violence proceedings as defendants.

conspired to falsely obtain a restraining order against A.D.M. in order to eject him from the family residence and ruin his real estate business. As to the conversion claim, plaintiffs alleged that defendants did not provide A.D.M. adequate opportunities to retrieve his personal property from the first-floor office after the issuance of the restraining orders and had damaged or disposed of personal property that he had in the residence and office.[4]

In June 2016, defendants served plaintiffs with a letter advising plaintiffs that the complaint they had filed was frivolous and must be withdrawn. Defendants then moved to dismiss the complaint. On August 5, 2016, the trial court entered an order dismissing the complaint without prejudice, which plaintiffs appealed.

On September 20, 2016, this court, sua sponte, vacated the August 5, 2016 order, stating:

> [I]t appear that the trial court correctly observed that the issues presented in this case are intertwined with the issues presented in the appeal under A-4289-14 contesting the entry of a final restraining order, but the trial court having erred in its ruling that it lacked jurisdiction to rule on the merits of this property damage and tort action, the trial court's order filed August 5, 2016 is summarily vacated. It is further ordered that the matter is remanded to the trial court to

---

[4] Plaintiffs alleged that M.I. was the co-owner of this personal property.

consider whether this action should be stayed pending the outcome of the appeal under A-4289-14.

Accordingly, on October 24, 2016, the trial court issued an order staying the matter pending the outcome of the domestic violence appeal. After this court affirmed the entry of the FRO, the trial court entered an order reactivating the matter and directing defendants to respond to interrogatories. In August 2017, defendants moved to dismiss the complaint or in the alternative for summary judgment. After hearing oral argument on defendants' motion on January 26, 2018, the trial court issued a written decision, granting the motion in its entirety and dismissing all claims with prejudice. The trial court also ordered plaintiffs to reimburse defendants' for their costs and attorneys' fees in an amount to be determined after receipt of a certification of services from defendants' counsel.

After receiving an extension of time from the trial court, defendants submitted a certification of services, requesting $53,226.16 in costs and fees. Plaintiffs filed objections to the certification of services. On March 9, 2018, the trial court issued a written opinion on the certification of services, ordering plaintiffs to pay defendants $24,594.00 in costs and fees. Plaintiffs appealed from both the order granting summary judgment and the order granting attorneys' fees.

A-2612-17T1

On appeal, plaintiffs contend that the trial court erred in granting summary judgment and awarding attorneys' fees because their claims were not frivolous. They argue that the evidence showed that their safe and file cabinets were broken into and damaged. They also argue that the trial judge cut A.D.M. off from testifying at oral argument and failed to properly evaluate all of the evidence. Having reviewed the record and applicable legal principles, we find that the trial court properly granted summary judgment with respect to each count of the complaint.

As to the conversion claim (count one), we agree with the trial court that plaintiffs cannot establish the elements of this claim as a matter of law. "Conversion is 'the wrongful exercise of dominion and control over property owned by another inconsistent with the owners' rights.'" LaPlace v. Briere, 404 N.J. Super. 585, 595 (App. Div. 2009) (quoting Sun Coast Merch. Corp. v. Myron Corp., 393 N.J. Super. 55, 84 (App. Div. 2007)). To sustain an action for conversion when another has lawful possession of the property, generally a plaintiff must demand the return of the property. Mueller v. Tech. Devices Corp., 8 N.J. 201, 207 (1951). "The demand must be made . . . at a time and place and under such circumstances as defendant is able to comply with if he is so disposed, and the refusal [to return the property] must be wrongful." Ibid.

In this case, plaintiffs are unable to demonstrate any wrongful interference with the rights to their personal belongings by defendants, as A.D.M. was barred from accessing the family residence by the TRO's and FRO. Defendants submit a certification, letter, and emails reflecting that A.D.M. was able to retrieve some personal property while escorted by the police on January 31, 2015 and that A.D.M.'s worker picked up additional items on February 2, 2015. The emails also show that P.M.'s attorney corresponded with A.D.M. and his former attorney throughout March and April 2015 about scheduling another time for A.D.M.'s worker to retrieve items from the residence.

Additionally, on May 8 2015, defendant's attorney emailed A.D.M. to coordinate a time for his worker to retrieve the remainder of his property and instructed that if no response was received within fifteen days, the property would be deemed abandoned and disposed of. Plaintiffs submit no evidence showing that they availed themselves of these opportunities. Plaintiffs' bald assertions that defendants did not let them retrieve their property and damaged their safe and file cabinets are insufficient to rebut defendants' evidence that they provided plaintiffs with reasonable opportunities to retrieve the personal property before they disposed of it. See Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 97-98 (App. Div. 2014) ("Bald assertions are not capable of

7

either supporting or defeating summary judgment."). In light of the opportunities that defendants provided plaintiffs to retrieve the property without violating the restraining orders, plaintiffs are unable to establish that defendants denied a reasonable request for the return of the property or wrongfully interfered with plaintiffs' rights to the property. See Mueller, 8 N.J at 207. Therefore, even viewing the evidence in the light most favorably to them, plaintiffs cannot sustain an action for conversion as a matter of law.

As to the remaining counts in plaintiffs' complaint, we affirm the trial court's grant of summary judgment and dismissal of those claims with prejudice for substantially the sound reasons expressed in the trial judge's opinion. We also reject plaintiffs' argument that the trial judge failed to properly evaluate all of the evidence. At oral argument, the trial court provided A.D.M. with ample opportunity to present his contentions and allowed plaintiffs to supplement the record by submitting additional documents.

Turning to the trial court's award of attorneys' fees, we reverse and vacate the award. We review a trial court's award of attorneys' fees and costs for an abuse of discretion. McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 498 (App. Div. 2011). Reversal is warranted "only if [the trial court's decision] 'was not premised upon consideration of all relevant factors, was based upon

8

consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment.'" Id. at 498 (quoting Mason v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)).

Under New Jersey's frivolous litigation statute, the court may award a prevailing party reasonable litigation costs and reasonable attorneys' fees "if the judge finds at any time during the proceedings or upon judgment that a complaint . . . of the nonprevailing person was frivolous." N.J.S.A. 2A:15-59.1(a)(1). A complaint is frivolous where:

> (1) The complaint . . . was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or
>
> (2) The nonprevailing party knew, or should have known, that the complaint . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.
>
> [N.J.S.A. 2A:15-59.1(b).]

"[F]alse allegations of fact [do] not justify the award of counsel fees, unless they are made in bad faith, 'for the purpose of harassment, delay or malicious injury.'" McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 561 (1993) (quoting N.J.S.A. 2A:15-59.1(b)(1)). "When the plaintiff's conduct bespeaks an honest attempt to press a perceived, though ill-founded and perhaps misguided,

claim, he or she should not be found to have acted in bad faith." Belfer v. Merling, 322 N.J. Super. 124, 144-45 (App. Div. 1999) (citing McKeown-Brand, 132 N.J. at 563).

A party seeking to recover litigation costs or attorneys' fees under the frivolous litigation statute must also comply, to the extent practicable, with the procedural provisions of Rule 1:4-8. Toll Bros. v. Twp. of W. Windsor, 190 N.J. 61, 69 (2007). Before making a motion for sanctions, "[t]he litigant is required to serve a written notice and demand on the attorney or pro se party, which must include a request that the allegedly frivolous paper be withdrawn." Ibid. (citing R. 1:4-8(b)(1)). "The written notice and demand serves as a warning that the litigant will apply for sanctions 'if the offending paper is not withdrawn within 28 days of service of the written demand.'" Ibid. (quoting R. 1:4-8(b)(1)). "This rule subjects not only attorneys but pro se litigants . . . to the attorney fee sanction prescribed thereunder." Trocki Plastic Surgery Ctr. v. Bartkowski, 344 N.J. Super. 399, 405 (App. Div. 2001) (citing R. 1:4-8(f)).

"The rule and statute must both be interpreted strictly against the applicant for an award of fees." Tagayun v. AmeriChoice of New Jersey, Inc., 446 N.J. Super. 570, 579 (App. Div. 2016). "The statute should not be allowed to be a counterbalance to the general rule that each litigant bears his or her own

litigation costs, even when there is litigation of marginal merit." <u>Ibid.</u> (quotation omitted). The grant of a dispositive motion, without more, does not establish that an action is frivolous; the party seeking fees and costs must prove that plaintiff filed the complaint in bad faith. <u>See</u> <u>Ferolito v. Park Hill Ass'n, Inc.</u>, 408 N.J. Super. 401, 408 (App. Div. 2009).

In this case, neither the trial court's opinion on the motion for summary judgment nor its opinion on the certification of services makes specific findings as to how plaintiffs' complaint was frivolous as defined by the statute.[5] <u>See</u> <u>id.</u> at 410-11 ("It was error to award fees pursuant to N.J.S.A. 2A:15-59.1(b)(2) without considering whether defendants established that plaintiff commenced or continued this action in bad faith."); <u>R.</u> 1:4-8(d) ("In the order imposing sanctions, the court shall describe the conduct determined to be a violation of this rule and explain the basis for the sanction imposed."). Although the trial court found "that if it were to allow any of these [c]ounts to proceed, it would

---

[5] Additionally, the trial court's opinion did not address whether defendants filed a separate motion for attorneys' fees, as required by <u>Rule</u> 1:4-8(b)(1). <u>R.</u> 1:4-8(b)(1) ("An application for sanctions under this rule shall be by motion made separately from other applications and shall describe the specific conduct alleged to have violated this rule."). From our review of the record, it appears that defendants made the application for attorneys' fees in the same motion as their motion to dismiss and summary judgment motion, in violation of <u>Rule</u> 1:4-8(b)(1).

effectively subvert the ruling of Judge Shanahan, the Appellate Division, and the Final Restraining Order in effect" and granted summary judgment on this basis, "a grant of a motion for summary judgment in favor of a defendant, without more, does not support a finding that the plaintiff filed or pursued the claim in bad faith." Ferolito, 408 N.J. Super. at 408.

Moreover, in addressing plaintiffs' conversion claim, the trial court considered evidence beyond the pleadings and relied on defendants' attorney's certification and the accompanying letter and emails to conclude that defendants had given plaintiffs reasonable opportunities to retrieve the property. "Simply because 'some of the allegations made at the outset of litigation later proved to be unfounded does not render [the complaint] frivolous[.]'" McDaniel, 419 N.J. Super. at 499 (alterations in original) (quoting Iannone v. McHale, 245 N.J. Super. 17, 32 (App. Div. 1990)). Considering that plaintiffs filed their complaint pro se, plaintiffs may not have understood the intricacies of a conversion claim and may have made "an honest attempt to press a perceived, though ill-founded and perhaps misguided, claim" to recover damages for defendants' alleged wrongful damaging of their property. Belfer, 322 N.J. Super. at 145.

Given that the statute and rule are to be "interpreted strictly against the applicant for an award of fees," we find the trial court mistakenly exercised its discretion in awarding attorneys' fees and costs to defendants. Tagayun, 446 N.J. Super. at 579. Without specific findings by the trial court on plaintiffs' bad faith or attempts to harass defendants in pursuing this litigation, we are unable to conclude that the trial court "consider[ed] . . . all relevant factors" under the frivolous litigation statute in awarding attorneys' fees and costs to defendants. Masone, 382 N.J. Super. at 193. Therefore, we reverse and vacate the trial court's order granting attorneys' fees and costs to defendants.

Affirmed in part, reversed in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2612-17T1